IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAQUARY DARDEN,              )
    Plaintiff,              )    Civil Action No. 7:16cv00022
                             )
v.                           )
                             )    By: Elizabeth K. Dillon
Q. REYNOLDS,                 )    United States District Judge
    Defendant.             )

**MEMORANDUM OPINION**

Jaquary Darden, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his religious rights. Defendant filed a motion for summary judgment, and Darden responded, so this matter is ripe for disposition. Having considered the record, the court concludes that defendant's motion for summary judgment must be granted.

I.

Darden, a Sunni Muslim, alleges that the defendant violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and First Amendment by not permitting group prayer in his housing unit during recreation time and by not allowing him to freely wear his kufi around the prison. Darden states that the prison prohibitions on group prayer and wearing his kufi impose a substantial burden on him. Darden believes that his prayers will not be accepted by Allah and/or he will not receive "requisite blessings" from Allah if he cannot participate in group prayer and wear his kufi, especially during prayer. In his verified complaint, Darden alleges that he filed an informal complaint on September 9, 2015, and that the defendant responded to it on September 25, 2015, by stating, "Your religious rights are not being violated. You can pray in your cell and at your specific religious service." On September 29, 2015,

Darden filed a regular grievance that was rejected at intake, indicating that Darden had failed to utilize the informal process to resolve his complaint as required by the Virginia Department of Corrections' ("VDOC") grievance procedure. Darden alleges that his regular grievance "was not logged," violating his right "to be free to petition the government seeking redress of grievances."

In his motion for summary judgment, defendant argues that Darden failed to exhaust administrative remedies prior to filing this action. Defendant states that although Darden filed a regular grievance pertaining to the subject matter of his § 1983 complaint, the regular grievance was rejected at the intake level on the basis that Darden failed to utilize the informal process to resolve his complaint before filing the grievance. Specifically, Darden did not attach an informal complaint with his regular grievance or resubmit his grievance with an informal complaint attached. Darden also did not request that the Regional Ombudsman review the intake decision for this grievance. Further, Darden did not file an informal complaint or grievance concerning his September 29, 2015 grievance being rejected at intake.

In his response to the motion for summary judgment, Darden argues that he "did in fact exhaust his administrative remedies." He acknowledges that his grievance was rejected "because of technical reasons," but argues that these reasons are "insufficient to deem his complaint unexhausted" because he was not given the opportunity to "redeem his complaint by reattaching said 'informal complaint' to the grievance." He does not allege that anyone prevented him from re-submitting the grievance or appealing the intake decision.

II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's

cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

III.

VDOC Operating Procedure ("OP") § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints and requires that, before submitting a formal grievance, the inmate must demonstrate that he has made a good faith effort to resolve the

3

grievance informally through the procedures available at the institution to secure institutional services or resolve complaints.

If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form.  If the inmate submits a regular grievance, he must attach required documents, including the informal complaint, to demonstrate his or her attempt to resolve the issue informally.  Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance.  A grievance meeting the criteria for acceptance is logged in on the day it is received.[1]  If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate.  If the inmate desires a review of the intake decision, he must send the grievance form to the Regional Ombudsman.

IV.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  "'[T]he language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensible requirement, thus requiring an outright dismissal [of unexhausted claims] rather than issuing continuances so that exhaustion may occur.'" *Carpenter v. Hercules*, No.

---

[1] Up to three levels of review for a regular grievance exist.  The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review.  If the offender is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the Regional Administrator, the Health Services Director, or the Chief of Operations for Offender Management Services.  The Level II response informs the offender whether he or she may pursue an appeal to Level III.

4

3:10cv241, 2012 U.S. Dist. LEXIS 72096, at *12, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (emphasis in original) (quoting *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003)). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improv[es] litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. Failure to exhaust all levels of administrative review is not proper exhaustion and will bar an inmate's § 1983 action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F.Supp.2d 544, 548 (E.D. Va. 1999) ("[T]he PLRA amendment made clear that exhaustion is now mandatory."). But, the court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d at 725.

It is undisputed that Darden's regular grievance was rejected at intake because he did not attach the informal complaint form to the grievance, as required by the VDOC grievance procedure. It is also undisputed that Darden did not seek review of the intake decision by the Regional Ombudsman, as required by the VDOC grievance procedure. Finally, it is undisputed that Darden did not resubmit his regular grievance with the required documentation or file an informal complaint or grievance concerning the intake decision. Accordingly, it is clear to the

5

court that Darden did not exhaust available administrative remedies prior to filing this action, and Darden has not demonstrated that the grievance process was otherwise unavailable to him. Accordingly, the court will grant defendant's motion for summary judgment.[2]

An appropriate order will be entered.

Entered: January 30, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] The court notes that in granting defendant's motion for summary judgment, the court will dismiss this action without prejudice to Darden's opportunity to refile his claims in a separate action if he exhausts available remedies provided by OP 866.1.